# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILMA M. PENNINGTON-THURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-2536-RWS |
| | ) | |
| U.S.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of pro se plaintiff Wilma M. Pennington-Thurman for leave to proceed in forma pauperis in this civil action. The Court has reviewed the financial information submitted in support, and will grant the motion. In addition, the Court will dismiss the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a

*pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## Background

Plaintiff is a frequent pro se and in forma pauperis litigator. Following is a summary of her prior litigation that is relevant to the case at bar.

In 2009, plaintiff initiated bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Missouri. *See In re Wilma M. Pennington-Thurman*, Case No. 09-46628 (Bankr. E.D. Mo. Jul. 10, 2009).[1] The Honorable Barry S. Schermer, United States Bankruptcy Judge, presided over that case. While that case was pending, plaintiff filed two lawsuits in Missouri state court related to proceedings that had been initiated against her regarding the mortgage on her property located at 8722 Partridge Avenue in St. Louis, Missouri. On January 27, 2010, plaintiff was granted a discharge in the bankruptcy proceedings. In April 2010, Judge Schermer approved a settlement that provided, *inter alia*, that the Missouri lawsuits were property of plaintiff's Chapter 7 bankruptcy estate and subject to administration by the Chapter 7 Trustee. Plaintiff made numerous attempts to attack the propriety of Judge Schermer's approval of the settlement, and to reopen her bankruptcy proceedings. She also filed lawsuits in this United States District Court related to foreclosure and eviction proceedings involving the

---

[1] The Court takes judicial notice of the records in this case. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (taking judicial notice of default judgment issued in separate bankruptcy court action, and noting that this Court "may take judicial notice of judicial opinions and public records").

Partridge Avenue property, both of which were dismissed. *Pennington-Thurman v. United States*, Case No. 4:15-cv-1628-RWS (E.D. Mo. Oct. 28, 2015); *Pennington-Thurman v. Schermer*, Case No. 4:17-cv-1093-CDP (E.D. Mo. Apr. 6, 2017).

## The Complaint

Plaintiff states that she is proceeding under 11 U.S.C. § 348(f)(1),[2] and also that she is alleging fraud in connection with personal property. Plaintiff states that the United States Bankruptcy Court violated her right to have her case heard before an Article III judge. This statement appears to be based upon Judge Schermer's approval of the above-described settlement. Plaintiff describes some of her prior litigation, including her bankruptcy court proceedings and the proceedings involving the Partridge Avenue property. She claims that her civil rights were violated, and she claims that fraud was committed against her in conjunction with the proceedings related to the Partridge Avenue property. Plaintiff names four defendants: U.S.A., U.S., Inc.,[3] The United States Bankruptcy Court, and United States Attorney General Jeff Sessions. As relief, she seeks unspecified compensatory and punitive damages, as well as $150,000 plus interest.

## Discussion

Plaintiff's complaint is fatally defective as to defendants U.S.A., U.S., Inc., and the United States Bankruptcy Court because those defendants are immune from suit under the doctrine of sovereign immunity. *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) (the United States and its agencies are not proper defendants because of sovereign immunity); *see also Edlund v. Montgomery*, 355 F. Supp. 2d 987, 991 (D. Minn. 2005) (the Bankruptcy Court

---

[2] 11 U.S.C. § 348(f)(1) is a provision of the United States Bankruptcy Code that relates to the administration of cases in Bankruptcy Court. It does not provide authority to file an action for monetary damages in this Court.

[3] Plaintiff does not identify what entity "U.S., Inc." is, but the Court presumes she intends to refer to the United States of America.

3

itself is not a proper defendant because it is protected by sovereign immunity). Under the doctrine of sovereign immunity, the United States and its agencies can be sued only if, and to the extent that, the protections of sovereign immunity have been formally waived. *Manypenny v. United States*, 948 F.2d 1057, 1063 (8th Cir. 1991). Any waiver of such immunity must be "expressed unequivocally" by Congress. *Id.* In the case at bar, plaintiff has not demonstrated any waiver of sovereign immunity, nor is the Court independently aware of any express congressional authorization for the lawsuit that she is attempting to bring here. Thus, the Court finds that sovereign immunity bars Plaintiff's lawsuit against U.S.A., U.S., Inc., and the United States Bankruptcy Court.

The complaint is also subject to dismissal because it does not describe what any named defendant, including Sessions, did or failed to do that could be viewed as a violation of plaintiff's rights under any cognizable legal theory. Instead, plaintiff's allegations are vague and conclusory and fall short of the standards outlined in *Iqbal*, 556 U.S. 662. Plaintiff's complaint simply fails to state a plausible claim for relief against any named defendant, and it is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). This is especially so because plaintiff indicates that she intends to sue the defendants for some type of alleged fraud. The Federal Rules of Civil Procedure impose a heightened pleading standard for fraud claims, requiring that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff's complaint does not come close to satisfying this requirement, as there are no allegations describing what wrongdoing any named defendant committed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to have notice of removal filed as a motion for removal (Docket No. 5) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction (Docket No. 6) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of October, 2017.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE