# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILMA M. PENNINGTON-THURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-2536-RWS |
| | ) | |
| U.S.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Wilma M. Pennington-Thurman's Motion to Disqualify Judge. (Docket No. 8). Therein, plaintiff seeks a change of judge on the grounds that the undersigned has a conflict of interest. The motion will be denied.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). An objective standard of reasonableness is applied in determining whether recusal is required. *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006); *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003). Disqualification is required if a reasonable person with knowledge of the relevant facts of the case would question the judge's impartiality. *Fletcher*, 323 F.3d at 664. A judge is presumed to be impartial, and a party seeking recusal bears the substantial burden of proving otherwise. *Id.*

In the instant motion, plaintiff claims that the undersigned has a conflict of interest because he dismissed one of her previous cases. However, prior judicial rulings alone almost never constitute a valid basis for concluding that a judge is biased, partial, or has a conflict of interest. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005) (citing *Liteky* and finding recusal not warranted where the

plaintiff complained of bias only because of adverse rulings). Clearly, plaintiff disagrees with the Court's decisions. However, she has set forth no evidence or argument, other than the undersigned's prior adverse decisions, as a basis for her motion. Because plaintiff presents no facts tending to establish bias or partiality, or any other facts establishing any other disqualifying circumstances that would allow a reasonable person to question the undersigned's impartiality, plaintiff fails to meet the substantial burden required to overcome the presumption of the undersigned's impartiality.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Disqualify Judge (Docket No. 8) is **DENIED**.

Dated this 25th day of October, 2017.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE